IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN WALKER, JAMES BRAUN, MARIA DUPRAS, MONA PEREZ, MELISSA CARMICHAEL, and DOES 1-100 inclusive,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED STATES DEPARTMENT OF COMMERCE, CENSUS BUREAU, ARACELI BARCELO, SALVADOR RAMIREZ, ANTHONY MUNOZ, JEFFREY ENOS, CELESTE JIMINEZ, JAMES T. CHRISTY, KURTIS DOCKEN, JOEL ALONZO, PATRICK HESCOX, SANDRA IRAHETA AGUILARA, JULIE LAM, GEOF ROLAT, as individuals and DOES 1-100, inclusive,<br><br>　　　　Defendants. | 1:11-CV-01195 AWI SKO<br><br>ORDER GRANTING MOTION TO DISMISS AND MOTION TO STRIKE<br><br>(Doc. No. 27) |

**INTRODUCTION**

　　This is a civil rights action brought by Plaintiffs Robin Walker, James Braun, Maria Dupras, and Melissa Carmichael. Plaintiffs are former employees of the United States Census Bureau. Plaintiffs filed the instant action in this Court on July 18, 2011. On October 20, 2011, Plaintiffs filed a First Amended Complaint ("FAC"). All Plaintiffs allege discrimination, harassment and retaliation on the basis of sex, race, and religion under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 42 U.S.C. 20003-16 et seq. ("Title VII"). Plaintiffs Walker,

Braun, Dupras, and Perez further allege age discrimination under both Title VII and the Age Discrimination in Employment Act ("ADEA").  Defendants[1] U.S. Department of Commerce, Census Bureau, James T. Christy, Jeffrey Enos, Celeste Jiminez, Julie Lam, Geof Rolat, and Araceli Barcelos ("Defendants") now move for dismissal of (1) each individual defendant, the United States Department of Commerce, and Census Bureau; (2) Plaintiffs' claims for age discrimination under Title VII; (3) Plaintiffs' claims for punitive damages; (4) Plaintiffs' claims for liquidated damages and compensatory damages under the ADEA; and (5) Plaintiff Dupras' claims due to improper venue.  See Court's Docket, Doc. No. 27.  Defendants also move to strike Plaintiffs' jury demand under the ADEA.  For the reasons that follow, Defendants' motion will be granted.

## LEGAL STANDARDS

**I.      Motion to Dismiss**

    A.      Rule 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a motion to dismiss for lack of subject matter jurisdiction.  It is a fundamental precept that federal courts are courts of limited jurisdiction.  Limits upon federal jurisdiction must not be disregarded or evaded.  Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978).  The plaintiff has the burden to establish that subject matter jurisdiction is proper.  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Chandler v. State Farm Mut. Auto. Ins. Co., 598 F.3d 1115, 1122 (9th Cir. 2010).  This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the court to assert subject matter jurisdiction over the action.  McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Fed. R. Civ. P. 8(a)(1).  A Rule 12(b)(1) jurisdictional attack may be facial or factual.  Safe Air for Everyone v. Meyer, 373 F.3d

---

[1] On February 6, 2012, Plaintiffs filed a status report indicating difficulty locating the following Defendants for the purpose of completing service of process: (1) Salvador Ramirez; (2) Anthony Munoz; (3) Kurtis Docken; (4) Joel Alonzo; (5) Patrick Hescox; and (6) Sandra Iraheta Aguilara (collectively, "unserved Defendants").

2

1035, 1039 (9th Cir. 2004). "[T]he United States, as a sovereign, 'is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" United States v. Testan, 424 U.S. 392, 399, 96 S. Ct. 948 (1976) (quoting United States v. Sherwood, 312 U.S. 584, 586, 61 S. Ct. 767 (1941)).

B.   Rule 12(b)(3)

Federal Rule of Civil Procedure 12(b)(3) allows a defendant to move for dismissal of the case on the basis of improper venue. See Fed. R. Civ. P. 12(b)(3); Abrams Shell v. Shell Oil Co., 165 F.Supp.2d 1096, 1102 (C.D. Cal. 2001). The plaintiff bears the burden of showing that venue is proper in the chosen district. Koresko v. Realnetworks, Inc., 291 F.Supp.2d 1157, 1160 (E.D. Cal. 2003); American Homecare Fed'n v. Paragon Sci. Corp., 27 F.Supp.2d 109, 112 (D. Conn. 1998); see also Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 496 (9th Cir.1979) (holding that plaintiff bears the burden to show proper venue in context of summary judgment). When there are multiple parties and/or multiple claims in an action, the plaintiff must establish that venue is proper as to each defendant and as to each claim. Pacer Global Logistics, Inc. v. AMTRAK, 272 F.Supp.2d 784, 788 (E.D. Wis. 2003); Bearse v. Main St. Invs., 170 F.Supp.2d 107, 116 (D. Mass. 2001); Payne v. Marketing Showcase, Inc., 602 F.Supp. 656, 658 (N.D. Ill. 1985).

Unlike a motion for dismissal under Rule 12(b)(6), the court may consider supplemental written materials and consider facts outside of the pleadings in deciding a Rule 12(b)(3) motion to dismiss without transforming it into a motion for summary judgment. See Agueta v. Banco Mexicano, S.A., 87 F.3d 320, 324 (9th Cir. 1996); Travelers Cas. And Sur. Co. of Am. v. Telstar Constr. Co., 252 F.Supp.2d 917, 922 (D. Ariz. 2003). Furthermore, the court need not accept the plaintiff's pleadings as true, but must draw all reasonable inferences and resolve all factual conflicts in favor of the non-moving party. See American Home Assurance Co. v. TGL Container Lines, Ltd., 347 F.Supp.2d 749, 755 (N.D. Cal. 2004).

Where venue is improper, the district court may dismiss the case under Rule 12(b)(3) or

transfer the case in the interests of justice to an appropriate jurisdiction under 28 U.S.C. § 1406(a). Kawamoto v. CB Richard Ellis, Inc., 225 F.Supp.2d 1209, 1212 (D. Haw. 2002). However, even where venue is proper, the district court may still transfer the case to another jurisdiction where it may have been brought for the convenience of the parties and witnesses and in the interests of justice under 28 U.S.C. § 1404(a). See id.

C. Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008); Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. Marceau v. Blackfeet Hous. Auth., 540 F.3d 916, 919 (9th Cir. 2008); Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1999). The Court must also assume that general allegations embrace the necessary, specific facts to support the claim. Smith v. Pacific Prop. and Dev. Corp., 358 F.3d 1097, 1106 (9th Cir. 2004); Peloza v. Capistrano Unified Sch. Dist., 37 F.3d 517, 521 (9th Cir. 1994). But, the Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1056-57 (9th Cir. 2008); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). Although they may provide the framework of a complaint, legal conclusions are not accepted as true and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949-50 (2009); see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003). Furthermore, Courts will not assume that plaintiffs "can prove facts which [they have] not alleged, or that the defendants have violated . . . laws in ways that have not been alleged."

4

Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526, 103 S. Ct. 897, 902 (1983).  As the Supreme Court has explained:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965-66 (2007).  Thus, to "avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 129 S.Ct. at 1949; see also Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; see also Weber v. Department of Veterans Affairs, 521 F.3d 1061, 1065 (9th Cir. 2008).

A plaintiff's allegations are taken as true, but courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949.

> The plausibility standard is not akin to a 'probability requirement,' but it asks more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'
>    . . .
> Determining whether a complaint states a plausible claim for relief will . . . be a context specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.

Iqbal, 129 S.Ct. at 1949-50.  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

"If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc., 806 F.2d 1393, 1401 (9th Cir. 1986).

## II.      Motion to Strike

### A.      Rule 12(f)

Rule 12(f) of the Federal Rules of Civil Procedure allows the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  The purpose of a Rule 12(f) motion is to avoid the costs that arise from litigating spurious issues by dispensing with those issues prior to trial.  Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir.1983).  Immaterial matter is defined as matter that "has no essential or important relationship to the claim for relief or the defenses being pleaded." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir 1993) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 706-07 (1990)), rev'd on other grounds, 510 U.S. 517 (1994).  Impertinent matter is defined as "statements that do not pertain, and are not necessary, to the issues in question." Fantasy, Inc. 984 F.2d at 1527.  "Motions to strike are generally viewed with disfavor, and will usually be denied unless the allegations in the pleading have no possible relation to the controversy, and may cause prejudice to one of the parties." Lindblom v. Secretary of Army, No. 2:06-cv-2280-GEB-GGH, 2007 WL 1378019, *1 (E.D.Cal. May 10, 2007) (quoting Campbell v. PricewaterhouseCoopers, LLP, No. CIV. S-06-2376 LKK/GGH, 2007 WL 841694, *2 (E.D.Cal. Mar. 20, 2007)).  A jury demand is a proper subject of a motion to strike where the relevant claim cannot be adjudicated by jury trial.  See id.

## FACTUAL BACKGROUND

Plaintiffs were employed by the Defendant Census Bureau at various times between October 2008 and June 2010. FAC ¶¶ 8-12. Plaintiffs Walker, Braun, Carmichael, and Perez worked at the Fresno Local Census Office #3219, Los Angeles Regional Census Center.  Id.

Plaintiff Dupras worked at the Santa Maria Local Census Office #3239, Los Angeles Regional Census Center. Id. ¶ 10. Individual Defendants James T. Christy, Jeffrey Enos, Celeste Jiminez, Julie Lam, Geof Rolat, and Araceli Barcelos were also employed by the Census Bureau at all relevant times, at the Fresno Local Census Office and/or the Los Angeles Regional Census Center. Id. ¶ 7.

Plaintiff Walker alleges that, during her employment as an Administrative Assistant at the Fresno Local Census Office, Defendants Census Bureau, Barcelos, and unserved Defendants Ramirez and Munoz subjected her to harassment and retaliation, including eventual termination, on the basis of her age (date of birth: 10/8/51), race (Caucasian), sex (female), national origin (USA), and because of her involvement in protected Equal Employment Opportunity ("EEO") activities including a complaint and refusal to falsify meeting minutes as directed by Defendant Barcelos and unserved Defendant Ramirez. Id. ¶¶ 45-47. Walker alleges the reason given for her termination - malperformance - was pretextual. Id. ¶ 46.

Plaintiff Braun alleges that, during his employment as an Administrative Clerk-Security at the Fresno Local Census Office, Defendants Census Bureau, Barcelos, and unserved Defendant Munoz subjected her to discrimination, harassment, and retaliation, including eventual termination, on the basis of his age (date of birth: 1950), race (Caucasian), sex (male), religion, and because of his protected activities including complaints about the oppressive atmosphere of the Local Census Office Manager and the handling of Plaintiff Walker's termination. Id. ¶¶ 71-72. Braun alleges the reason given for his termination - malperformance - was pretextual. Id. ¶ 73.

Plaintiff Dupras alleges that, during her employment as a Local Census Office Manager at the Santa Maria Local Census Office, Defendants Census Bureau, Enos, Jimenez, Lam, Rolat, and unserved Defendant Aguilara subjected her to discrimination, harassment, and retaliation on the basis of her sex (female), sexual orientation (lesbian), and because of her involvement in protected activities including an Equal Employment Opportunity complaint, and prior oral and

written complaints to Defendants Enos, Lam, Rolat, Christy, and the Office of the Inspector General.  Id. ¶ 99.  Plaintiff Dupras also alleges age discrimination on the basis that she was at least 40 years old at all times relevant to her claims.  Id. ¶ 114.  Dupras alleges the reason given for her termination - malperformance - was pretextual.  Id. ¶ 100.

Plaintiff Carmichael alleges that, during her employment as an Office Operation Supervisor at the Fresno Local Census Office, Defendants Census Bureau, Barcelo, Enos, and unserved Defendants Alonzo and Hescox subjected her to harassment and retaliation on the basis of her sex (female), and because of her involvement in protected activities including her continued verbal complaints concerning ongoing gender based discrimination.  Id. ¶ 125.  Carmichael alleges the reason given for her termination - nepotism policy - was pretextual.  Id. ¶ 126.

Plaintiff Perez alleges that during her employment as a Crew Leader at the Fresno Local Census Office, Defendants Census Bureau, Barcelo, and unserved Defendants Ramirez and Munoz subjected her to discrimination on the basis of her age (date of birth 10/8/51), race (Caucasian), sex (female), national origin (USA), and because of her involvement in protected activities including her Equal Employment Opportunity complaint and her refusal to falsify meeting minutes as directed by Ramirez and Barcelos.  Id. ¶ 138.  Perez alleges the reason given for her termination - malperformance - was pretextual.  Id. ¶ 139.

**DISCUSSION**

**I.    Title VII**

   A.    Proper Defendants

"[T]he Civil Rights Act of 1964, as amended, provides the exclusive judicial remedy for claims of discrimination in federal employment." Brown v. General Services Administration, 425 U.S. 820, 835, 96 S.Ct. 1961, 1969 (1976).  In a civil action brought pursuant to Title VII, "the head of the department, agency, or unit, as appropriate, shall be the defendant." 42 U.S.C.A. § 2000e-16.  The Ninth Circuit has "consistently held that Title VII does not provide a cause of

action for damages against supervisors or fellow employees." Holly D. v. California Institute of Technology, 339 F.3d 1158, 1179 (9th Cir. 2003) (citing Pink v. Modoc Indian Health Project, 157 F.3d 1185, 1189 (9th Cir.1998); Miller v. Maxwell's Int'l Inc., 991 F.2d 583, 587-88 (9th Cir.1993)). Thus, while a Title VII plaintiff may bring claims against the head of an agency in his or her official capacity, federal officials cannot be sued in their individual capacities. See Sommatino v. United States, 255 F.3d 704, 707 n.1 (9th Cir. 2001); White v. Gen. Servs. Admin., 652 F.2d 913, 916 (9th Cir. 1981). Similarly, an agency itself cannot be sued pursuant to Title VII. See Cooper v. U.S. Postal Serv., 740 F.2d 714, 716 (9th Cir. 1984), cert. denied, 471 U.S. 1022, 105 S. Ct. 2034 (1985), overruled on other grounds by Williams-Scaife v. Dept. of Defense Dependent Schools, 925 F.2d 346 (9th Cir. 1991). The provision identifying the proper defendant for a discrimination action brought under Title VII, "also applies to age discrimination claims brought under the ADEA." Romain v. Shear, 799 F.2d 1416, 1418 (9th Cir. 1986), cert. denied, 481 U.S. 1050, 107 S. Ct. 2183 (1987).

The FAC names the United States Department of Commerce, the Census Bureau, and individual federal employees as Defendants, but does not name the "head of the department, agency, or unit, as appropriate." 42 U.S.C.A. § 2000e-16. Because Plaintiffs cannot assert claims for discrimination under Title VII or the ADEA against the named Defendants as a matter of law, leave to amend the claims against these Defendants would be futile. The Court will dismiss the currently named Defendants with prejudice, with leave to amend only to name the proper defendant, or defendants, under 42 U.S.C. § 2000e-16(c).

  B. Age Discrimination Claims

Plaintiffs Walker, Braun, Dupras, and Perez allege claims for age discrimination under both Title VII and the ADEA. Title VII applies only to "claims for employment discrimination based on 'race, color, religion, sex, or national origin.'" Ahlmeyer v. Nevada Sys. of Higher Educ., 555 F.3d 1051, 1058 (9th Cir. 2009). The Ninth Circuit has held that the ADEA "is the exclusive remedy for age discrimination claims by federal government employees." Id. at 1057

n.5. It appears Plaintiffs agree that their claims under Title VII for age discrimination should be dismissed. Accordingly, the Court will dismiss with prejudice Plaintiffs' claims for age discrimination under Title VII.

### C. Punitive Damages

Plaintiffs request punitive damages for their claims brought under Title VII. Title VII expressly exempts government entities from punitive damages awards:

> A complaining party may recover punitive damages under this section against a respondent (**other than a government, government agency or political subdivision**) if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.

See 42 U.S.C.A. § 1981a(b)(1) (emphasis added). Plaintiffs concede that punitive damages are not permitted for such claims. Accordingly, the Court will dismiss with prejudice Plaintiffs' demands for punitive damages pursuant to Title VII.

## II. ADEA

### A. Punitive Damages

Like Title VII, the ADEA does not permit punitive damages. "[P]unitive damages are not available under the ADEA, which employs its complex enforcement scheme 'to help employers and workers find ways of meeting problems arising from the impact of age on employment.'" Ahlmeyer, 555 F.3d at 1059. Plaintiffs agree that punitive damages are not permitted under the ADEA. Accordingly, the Court will dismiss with prejudice Plaintiffs' demands for punitive damages under the ADEA.

### B. Liquidated and Compensatory Damages

Plaintiffs Walker, Braun, Dupras, and Perez each seek liquidated and compensatory damages under the ADEA. Although the ADEA allows for liquidated damages for private sector employees in 29 U.S.C. § 626(b), there is no mention of liquidated damages in § 633a, which

applies to federal government employees. "Nothing in the ADEA indicates an intent by Congress to permit the recovery of damages beyond lost wages" in cases where the government has waived sovereign immunity. Smith v. Office of Personnel Mgmt, 778 F.2d 258, 261 (5th Cir. 1985). As a result, courts have held that federal employees have no right to liquidated damages under the ADEA. See e.g., Tietz v. Bowen, 695 F. Supp. 441, 446 (N.D. Cal. 1987) ("Liquidated damages are not available under [§ 633a], as a matter of statutory interpretation and sovereign immunity."); Chambers v. Weinberger, 591 F. Supp. 1554, 1557 (D. Ga. Aug. 30, 1984) (holding that liquidated damages were not available in ADEA action against federal government); Lindblom v. Secretary of Army, 2007 WL 1378019, *2 (E.D.Cal. May 10, 2007) (granting defendant's motion to strike federal employee's liquidated damages request from ADEA claim).

Plaintiffs Walker, Braun, Dupras, and Perez also seek "compensatory damages according to proof" on their ADEA claims. See FAC at 27, ¶ B(4). Compensatory damages under the ADEA are also limited. The ADEA does not permit a separate recovery of compensatory damages for pain and suffering or emotional distress. See Comm'r of Internal Revenue v. Schleier, 515 U.S. 323, 326, 115 S. Ct. 2159 (1995); Ahlmeyer, 555 F.3d at 1059. Plaintiffs agree that both liquidated and compensatory damages for pain and suffering or emotional distress are not available under the ADEA. See Court's Docket, Doc. No. 29 at 4. Accordingly, the Court will dismiss with prejudice Plaintiffs' claims for liquidated damages and compensatory damages for pain and suffering or emotional distress under the ADEA.

C.   Jury Demand

Plaintiffs have demanded trial by jury for each of their claims. However, ADEA claims in federal employment are not triable to a jury. Even where the government has waived sovereign immunity, "the plaintiff has a right to a trial by jury only where that right is one of the terms of consent to be sued." Lehman v. Nakshian, 453 U.S. 156, 160-61, 101 S. Ct. 2698 (1981). "Congress did not intend to confer a right to trial by jury on ADEA plaintiffs proceeding

11

against the Federal Government." Id. at 165. Defendants now move to strike the jury demand from Plaintiffs' ADEA claims. See Court's Docket, Doc. No. 27-1 at 14. Plaintiffs concede that they are not entitled to any right to a jury trial on any claims under the ADEA. Id. Doc. No. 29 at 4. Therefore, Defendants' motion to strike Plaintiffs' jury demand from their ADEA claims is granted.

### III.    Venue

Defendants contend that Plaintiff Dupras' Title VII and ADEA claims should be dismissed for improper venue pursuant to Rule 12(b)(3). Venue in Title VII actions is governed by 42 U.S.C. § 2000e-5(f)(3), rather than the general federal venue statute, 28 U.S.C. § 1391. Johnson v. Payless Drug Stores, 950 F.2d 586, 587 (9th Cir. 1991), cert. denied, 505 U.S. 1225, 112 S. Ct. 2044 (1992). The Title VII venue provision states:

> Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3). The Ninth Circuit has stated that "the effect of Title VII's venue provision is to allow suit in the judicial district in which the plaintiff worked or would have worked." Passatino v. Johnson & Johnson Consumer Prods., 212 F.3d 493, 504-05 (9th Cir. 2000).

Because the ADEA has no specific venue provision, venue is controlled by the general venue statute. Other courts have held that "when a plaintiff brings a Title VII action, which is covered by Title VII's restrictive venue provision, as well as an action governed by the general venue provision, the narrower venue provision of § 2000e-5(f)(3) controls." Dehaemers v. Wynne, 522 F. Supp. 2d 240, 249 (D.D.C. 2007); see also Johnson, 950 F.2d at 587-88 ("'[G]iven the conflict between the two statutes, well settled principles of statutory construction

dictate that the later, specific venue provision (section 2000e-5(f)(3) applies rather than the earlier, general venue provision (section 1391(b)).'"). Thus, in this case, venue for both of Plaintiff Dupras' claims is controlled by the Title VII venue provision.

Unlike the other Plaintiffs, Dupras did not work at the Fresno Local Census Office in the Eastern District of California. Rather, she was employed at the Santa Maria Local Census Office in the Central District of California at all times relevant to her claims. Dupras makes no claim that any of the alleged employment actions occurred within this judicial district, or that but for the alleged unlawful employment actions she would have worked in this District. The personnel records for Dupras were maintained and administered in the Los Angeles Regional Census Center in the Central District of California. See Cesena Decl. ¶ 6. Thus, in accord with the narrow venue provisions of 42 U.S.C. § 2000e-5(f)(3), venue is improper in this District.

Plaintiffs agree that venue is improper, and they request transfer of Plaintiff Dupras' claims to the Central District of California pursuant to 28 U.S.C. § 1406(a). After transfer, Plaintiffs reason, Dupras may move to have the case coordinated with the case in this District. Section 1406(a) provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a) (emphasis added). Defendants argue that the plain language of § 1406(a) authorizes the transfer of a "case," not of individual claims. As Defendants point out, transfer to the Central District of the entire case would be improper as to the other plaintiffs, whose claims arose in this District. See Passatino, 212 F.3d at 504-05. The Ninth Circuit has held that under Rule 21 of the Federal Rules of Civil Procedure, a district court may sever any claim against a party to create a new action that may be transferred to cure a defect in venue. See Anrig v. Ringsby United, 603 F.2d 1319, 1325 (9th Cir. 1978). However, Plaintiffs do not allege that Dupras' claims would be barred by any applicable statute of limitations, or that she would

13

otherwise suffer prejudice if her claims were dismissed.  Accordingly, because venue is improper in this District, the Court will dismiss Plaintiff Dupras' claims without prejudice under Rule 12(b)(3).

### IV.     Leave to Amend

Plaintiffs seek leave to amend their complaint to allege "factually intertwined" state law claims against currently named supervisors.  See Court's Docket, Doc. No. 29.  The Ninth Circuit has made clear that Title VII and the ADEA provide the exclusive remedies for discrimination based on race, sex, religion, national origin, age; harassment; and retaliation in federal employment.  See Ahlmeyer, 555 F.3d at 1057 n.5 (holding that the ADEA is the only remedy for age discrimination claims by federal employees); Williams v. Gen. Servs. Admin., 905 F.2d 308, 311 (9th Cir. 1990) (holding that Title VII preempts tort and constitutional claims).  Plaintiffs cite Rains v. Criterion Systems, Inc., 80 F.3d 339, 345 (9th Cir. 1995), for the proposition that neither Title VII nor the ADEA preempt state law claims.  Plaintiffs also cite Vera-Lozano v. Int'l Broadcasting, 50 F.3d 67, 70 (1st Cir. 1995) in support of their argument that supervisors can be held individually liable for punitive damages under state law.  Neither of those cases, however, involved discrimination claims brought by federal employees.  It is well-settled that under the framework of Title VII and the ADEA, federal employees are prohibited from asserting claims against the individuals alleged to have participated in the discrimination.  See White., 652 F.2d at 916-17.  The Court therefore finds that amendment to add state law causes of action against the currently named supervisors would be futile.  See Schreiber Distributing Co., 806 F.2d at 1401.  The Court also notes that Plaintiffs have provided no reason why any such claims could not have been brought at the time of filing the original or first amended complaints.  The Court will deny Plaintiff's request for leave to amend to allege state causes of action against individual supervisors.

**CONCLUSION AND ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's Motion to Dismiss and Motion to Strike are GRANTED, consistent with this Order, with leave to amend for the limited purpose of naming the proper defendant, or defendants, under 42 U.S.C. § 2000e-16(c).

2. An amended complaint SHALL BE FILED within twenty (20) days of service of this Order.

IT IS SO ORDERED.

Dated:   April 24, 2012

                                       CHIEF UNITED STATES DISTRICT JUDGE